IN THE UNITED STATES DISRTICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16-cr100 |
| | ) | |
| BRANDON MATTHEW FLORIN | ) | |

DEFENDANT'S POSITION ON SENTENCING

The Defendant by and through counsel, Shawn M. Cline, Esq., represents to the court that he has no objections to the presentence report in this case that affect the application of the sentencing guidelines.

Based upon the information set forth in the presentence investigation report, the evidence to be presented by the defense, and taking into consideration the factors in 18 U.S.C. 3553(a), the defense believes the appropriate sentence is 87 months confinement.

The defense position is that the guidelines for child pornography possession and distribution have been manipulated by Congress in the interest of political expedience to such an extent that they cease to function toward the goals of sentencing outlined in 18 U.S.C. 3553(a), and as such a variance is appropriate. The defense acknowledges, as has Mr. Florin, the insidious nature of child pornography; and that electronic receipt and distribution of the same creates demand for a product that cannot exist without life-altering victimization of children. That said, the changes to the child pornography guidelines in the last 20 years have come from Congress, not the Sentencing Commission, and have been based entirely on political pressures, with little to no consideration of the formal goals of sentencing.

Congress began its direct involvement with the guidelines for child pornography offenses in 1991, after the Sentencing Commission lowered the base offense level for simple

1

possession from 13 to 10 based upon sentencing patterns for the least culpable conduct.[1] Congressional disapproval resulted in the base offense level returning to 13 within one month of the change.[2] Five years later, the base offense level was amended to its current level of 22 for receipt and distribution at the direction of Congress.[3] In 2003, without any input from the Sentencing Commission, Congress passed the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act (PROTECT Act), which included several of the enhancements applicable to the instant case, including enhancements for the number of images and for images depicting sado-masochistic conduct. It is worth noting that the PROTECT Act was the first and only time that Congress directly amended sentencing guidelines for any offense.[4] While there may have been reasoned debate in some circles about the wisdom of such changes, it would have been politically unwise to oppose such changes on the floor of the Congress. Not surprisingly, the bill passed the Senate unanimously and garnered 400 votes against 25 in opposition in the House.[5] Ignored in all of these changes to the guidelines for non-production child pornography cases was the Sentencing Commission's mandate to study empirical data and national experience in promulgating guidelines.

In addition to undue Congressional interference with the guidelines for non-production child pornography offenses, the very nature of the offense has been fundamentally changed with the advent of the internet to such an extent that the prior enhancements no longer serve their

---

[1] *The History of the Child Pornography Guidelines* [hereinafter *The History*] (U.S. Sent. Comm., Oct. 2009) *available at* http://www.ussc.gov/Research_and_Statistics/Research_Projects/Sex_Offenses/20091030_History_Child_Pornography_Guidelines.pdf (last visited Aug. 7, 2013) at 21.
[2] *The History*, *supra* note 1, at 19-25.
[3] *The History, supra* note 1, at 26-32.
[4] *The History, supra* note 1, at 38.
[5] http://www.govtrack.us/congress/bills/108/s151 (last visited Aug 7, 2013)

intended purposes. The criminal transfer of this contraband which was once handled through clandestine meetings and through great effort and expense is now a simple matter of inputting search terms into a web browser, resulting in an immediate flood of free contraband images. The changing landscape of non-production child pornography offenses is not lost on the Sentencing Commission, which reported to Congress that

> Several provisions in the current sentencing guidelines for non-production offenses – in particular, the existing enhancements for the nature and volume of images possessed, an offender's use of a computer, and distribution of images – originally were promulgated in an earlier technological era. Indeed, most of the enhancements, in their current or antecedent versions, were promulgated when offenders typically received and distributed child pornography in printed form using the United States mail. As a result, enhancements that were intended to apply only to certain offenders who committed aggravated child pornography offenses are now being routinely applied to most offenders.[6]

The most recent data suggests that 96.3% of defendants in child pornography cases receive a two point enhancement for use of a computer (Mr. Florin is in this number).[7] Similarly, a collection of 600 images of child pornography would at one time have been difficult to acquire, but with the internet as the means of transfer, one can acquire 600 images in a matter of minutes with a few clicks of a mouse. For this reason, the five level increase for the number of images applies in 96.9% of cases (again, Mr. Florin included).[8]

Similarly, given the tremendous volume of images that are transferred with such ease, it is not unusual to have images of children under 12, nor is it unusual to have sado-masochistic

---

[6] *Report to the Congress: Federal Child Pornography Offenses* [hereinafter *Report*] (U.S. Sent. Comm., Dec. 2012) *available at* http://www.ussc.gov/Legislative_and_Public_Affairs/Congressional_Testimony_and_Reports/Sex_Offense_Topics/201212_Federal_Child_Pornography_Offenses/Full_Report_to_Congress.pdf (last visited Aug. 7, 2013) at 313.
[7] *Report, Supra note 6*, Table 8-1 at 209.
[8] *Report, Supra note 6,* Table 8-1 at 209.

3

images, which apply in 96.3% and 74.2% of cases, respectively (and to Mr. Florin).[9] Given the nature of internet searches, whereby a user types in broad search terms which function as something of a drag-net, bringing in some of what the user is seeking, but substantial amounts of that which he is not; it is not unusual for an individual to possess unsolicited sado-masochistic or pre-pubescent images. There is no evidence in the instant case that Mr. Florin looked for either, but having been found with both, his guidelines are commensurately unfavorable.

Given the functional disconnect between the outlined purposes of sentencing in 18 U.S.C. 3553(a) and the guidelines in this particular area, the defense is asking that the court focus its attention on the merits of the actual case, rather than the guidelines themselves. There is support for this approach from the Sentencing Commission itself, which acknowledged most recently that

> Only 40% of non-production defendants sentenced in fiscal year 2010 received sentences within the applicable guideline ranges, compared with 83.2 % in fiscal year 2004. The increasing number of sentences outside of the applicable guideline ranges reflects the belief of many stakeholders that the current guideline and statutory penalty levels are excessive or are not based on relevant factors in non-production cases.[10]

Were the court to be similarly persuaded, it might disregard the four point enhancement for the possession of sado-masochistic images and the two point enhancement for use of a computer (or any other combination of enhancements totaling six), reducing the offense level to a theoretical 28, resulting in a guideline range of 87-108 months. While that range may seem, and surely is, arbitrary; it is no more so than the enhancements imposed by Congress upon the guidelines initially promulgated by the Sentencing Commission. Were the court to adopt such a theoretical guideline range, the defense would submit that the low end would be appropriate in this case.

---

[9] *Report, Supra note 6*, Table 8-1 at 209.
[10] *Report, Supra* note 6 at 312.

4

Mr. Florin comes before the court at 34 years of age with a modest criminal history consisting entirely of alcohol and traffic offenses. He has been steadily employed throughout his adult life, most recently working as a systems architect. Unfortunately, he was released from this position based upon the current charges. Prior to that, he worked as a project specialist in Norfolk. He has steadily filed and paid taxes.

Mr. Florin does have significant substance abuse issues that will hopefully be addressed during his time with the Bureau of Prisons. He began consuming alcohol at the age of 15. His alcohol consumption and the issues associated with it have increased steadily throughout his life, beginning with in an underage possession of alcohol charge in 2001 and culminating with a DUI in 2014. He indicated to probation during the PSR interview that he was "not sure" whether he had a problem with alcohol, but his history of alcohol-related arrests clearly suggests that he does. He also has a history of cocaine and marijuana use, again increasing with his advancing age. It bears consideration when contemplating Mr. Florin's substance abuse issues that agents seized 5 grams of marijuana and 1 gram of cocaine from his residence while serving the initial search warrant. It is the defense hope that the court will recommend Mr. Florin for RDAP so that these obvious substance abuse issues may be addressed.

Finally, the defense asks that the court consider Mr. Florin'scontrition in this matter. He accepted responsibility by timely accepting a guilty plea to his conduct thereby saving the United States the time and expense of a litigated trial. The defense submits that the proper amount of time to promote the interests of 18 U.S.C. 3553(a) is 87 months.

Respectfully submitted,

SHAWN M. CLINE
ATTORNEY FOR DEFENDANT

_____/s/_____
Shawn M. Cline
Attorney for Defendant
Virginia State Bar No. 48176
The Law Office of Shawn M. Cline, PC
21A E. Queens Way
Hampton, VA 23669
(757)224-1777
(757)224-0664 fax
scline@hamptonroadsdefense.com

Certificate of Service

       I certify that on January 19th, 2016 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Elizabeth Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-3555
Facsimile Number (757) 441-3205
elizabeth.yusi@usdoj.gov

                                            By:_____/s/_____

                                            Shawn M. Cline
                                            Attorney for Defendant
                                            Virginia State Bar No. 48176
                                            The Law Office of Shawn M. Cline, PC
                                            21A E. Queens Way
                                            Hampton, VA 23669
                                            (757)224-1777
                                            (757)224-0664 fax
                                            scline@hamptonroadsdefense.com